UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JAMIE GRIFFITTS,** | ) | **CASE NO. 1:22 CV 1472** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **DANIEL GRIFFITTS,** *et al.*, | ) | <u>**ORDER DISMISSING COMPLAINT**</u> |
| | ) | |
| | ) | |
| Defendants. | ) | |

Jamie Griffitts initiated this *pro se* and *in forma pauperis* action by filing a pleading labeled as an Original Action and a Petition for Removal. (Doc. No. 1.) He identifies himself as "Plaintiffs" and his family members Daniel Griffitts, Jesse Griffitts, and Ashley Griffitts as "Defendants." His pleading appears to pertain his parental rights and to a state juvenile court proceeding, although he has not attached a copy of any complaint or other pleading filed in such a state case.

Federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject-matter jurisdiction exists under 28 U.S.C. § 1331 when a claim arising under federal law is presented on the face of a well-pleaded complaint. *Mich. South. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). Federal jurisdiction may also be invoked under 28 U.S.C. § 1332 when the plaintiff presents state-

law claims between parties of completely diverse citizenship, and the amount in controversy exceeds $75,000.

The party seeking to invoke federal jurisdiction, whether in an original action or in a removal action, bears the burden of demonstrating federal subject-matter jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff has not demonstrated a valid basis for an exercise of federal subject-matter jurisdiction in this case, whether his action is an original action or a petition for removal. No claim arising under federal law is discernible on the face of plaintiff's complaint, or on the face a pleading in an action he seeks to remove from state court. Rather, his action appears to pertain to family law issues arising under state law. But plaintiff has not demonstrated a valid basis for an exercise of diversity jurisdiction over any state-law claims as he has not demonstrated that he and defendants of completely diverse citizenship, and his pleading on its face indicates that all of the parties are citizens of the same state, Ohio.

## Conclusion

Accordingly, plaintiff's complaint is hereby dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). This dismissal is without prejudice to any claims plaintiff may properly assert in state court on the alleged facts. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                         10/5/2022
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE